relief is not proper under these circumstances, where plaintiff knew of the breach and acquiesced in it until such time as it became financially desirable for him not to do so.

██ Plaintiff further contends that the trial court's findings relative to his claim for commissions were contrary to the manifest weight of the evidence. The trial court's ruling on this issue was based on the evidence, and we find no error in the court's ruling.

The case is remanded with directions to the trial court to order a complete accounting of the books and records of the corporate defendant and to grant plaintiff such relief, if any, as may be deemed appropriate.

Affirmed in part, reversed in part, and remanded for such other and further proceedings as are not inconsistent with the views herein set forth.

STAMOS, P. J., and HAYES, J., concur.

THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* DONALD WRIGHT, Defendant-Appellant.

(No. 56282; )

First District (5th Division)—March 23, 1973.

PER CURIAM.

James J. Doherty, Public Defender, of Chicago, (Shelvin Singer, Assistant Public Defender, of counsel,) for appellant.

Bernard Carey, State's Attorney, of Chicago, (Elmer C. Kissane and Terrence McQuigg, Assistant State's Attorneys, of counsel,) for the People.